IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) No. 94 CR 187-5 |
| SECTRIC CURRY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons stated below, defendant Sectric Curry's "Amended Motion to Reduce Sentence" (Dkt. No. 1175) is denied.

Statement

On May 23, 1995, a jury convicted defendant Sectric Curry of one count of conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846. (Dkt. No. 607.) At sentencing on July 2, 1996, the court found that Curry was responsible for distributing approximately 7,500 grams of cocaine base. (*See* Dkt. No. 912.) That amount of cocaine base, plus a two level enhancement, gave Curry a United States Sentencing Guidelines ("U.S.S.G.") range of 292-365 months based on an offense level of 40 and a criminal history category I. (Dkt. No. 1176 ("Gov't Resp.") at 2.)

Because Curry had eight prior felony drug convictions in state court, however, he was subject to a statutory mandatory minimum of life imprisonment under 21 U.S.C. § 841(b)(1)(A) (1994). (Dkt. No. 912.) Accordingly, the court had no choice but to sentence him to the mandatory life imprisonment. The Seventh Circuit affirmed Curry's conviction and sentence. *United States v. Richardson*, 130 F.3d 765 (7th Cir. 1997).

Subsequently, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, adjusted the statutory penalties for offenses involving cocaine base. The FSA itself is not retroactive and has no application to defendants who, like Curry, were sentenced prior to the FSA's effective date. *See United States v. Bell*, 624 F.3d 803 (7th Cir. 2010). However, the Sentencing Commission amended the Guidelines in response to the FSA, *see* U.S.S.G. App. C, Amend. 750, and that amendment is retroactive under 18 U.S.C. § 3582(c)(2). *See* Notice of Final Action Regarding Amendment to Policy Statement 1B1.10, 46 Fed. Reg. 41332 (July 13, 2011). Pursuant to 18 U.S.C. § 3582(c)(2), the court may reduce a defendant's sentence to account for Guidelines amendments that reduce the defendant's Guidelines range after "considering the factors set forth in section 3553(a)."

Amendment 750 reduces Curry's offense level by two levels from 40 to 38, giving him a new Guidelines range of 235-293 months. *See* USSG § 2D1.1(c)(2). Because of this reduction in his Guidelines range, Curry argues that the court should reduce his sentence to 360 months, by retroactive application of Amendment 750 pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

The problem, however, is that the FSA did not change the statutorily established mandatory minimum of life imprisonment applicable to Curry. *See* 21 U.S.C. § 841(b)(1)(A) (2012). The court is thus as powerless today to change Curry's sentence as the court was in 1996 to impose a sentence other than the mandatory minimum of life imprisonment. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Moreover, even if the FSA had changed the mandatory minimum applicable to Curry, the FSA's amendments to statutory penalties are not retroactive and so would not apply. *See Bell*, 624 F.3d at 815. This court is bound by the law as established by Congress, and Curry is therefore ineligible for a sentence reduction because of the FSA or Amendment 750.

The court acknowledges that the sentence Curry received makes this case, to use Curry's words, one in which "fundamental fairness simply requires reconsideration of a draconian result." (Dkt. No. 1175, at 4.) Although Curry's crimes were serious, his eight state felony convictions stemmed from the same conduct for which he was convicted in this case, meaning that a single course of conduct leading to Curry's involvement in an extensive drug distribution network has put Curry behind bars for his entire remaining life. Providing no second chances and no opportunity for such a person to atone for his errors is indeed draconian.

Nonetheless, the remedy for such a miscarriage of justice in our system does not lie with the court at this time. Short of an explicit, on-the-record waiver of the application of the statutory mandatory minimum by the government, the remedy lies solely in an application to the President for a commutation. Curry's motion before the court must be and is denied.

ENTER:

*[signature: James F. Holderman]*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: June 5, 2013